UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO.: 5:05CV253-V

| | |
|---|---|
| R.J. Reynolds Tobacco Company, )<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Market Basket Food Stores, Inc., )<br>et al., )<br>Defendants. )<br>) | **Memorandum and Order**<br>Denying Defendants' Motion To Dismiss<br>For Lack Of Personal Jurisdiction<br>& Improper Venue |

**THIS MATTER** is before the Court on Defendants DWI, LLC's, and Hobart Anderson's, Motion To Dismiss For Lack of Personal Jurisdiction Or Improper Venue pursuant to FED. R. CIV. P. 12(b)(2) and (3), and Alternative Motion To Transfer Venue To the Eastern District of Kentucky, Ashland Division, filed November 14, 2005.[1] (Document #134) Plaintiff R.J. Reynolds ("RJR") responded on December 19, 2005. (Document #158) Defendants did not reply.

For the reasons stated herein, the Court finds that Plaintiff RJR has satisfied its burden of demonstrating the existence of sufficient contacts with the United States to warrant the exercise of personal jurisdiction over these Defendants pursuant to RICO's nationwide service of process

---

[1] Title 28, United States Code, Section 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might be brought.

Because Defendants did not brief the question of a transfer of venue pursuant to *forum non conviens* analysis, the Court does not address Defendants' alternative motion.

1

provision, 18 U.S.C. §1965(d).[2]  The Court likewise finds that venue is proper in the Western District of North Carolina pursuant to 18 U.S.C. §1965(b).

**I. Relevant Facts**

On September 23, 2005, Plaintiff RJR filed a Verified Complaint alleging twenty-one (21) different causes of action against twenty (20) individual and corporate Defendants.[3]  Plaintiff's Verified Complaint alleges multiple violations of the federal and North Carolina racketeering statutes as well as state law claims including unfair and deceptive trade practices, fraud, breach of contract, tortious interference with contractual relations, and civil conspiracy.[4]  In addition to monetary damages, Plaintiff seeks injunctive relief against certain "Core Defendants."  Defendants DWI and Anderson are each identified by Plaintiff as among this group of "Core Defendants."

Defendant DWI is a limited liability company organized under the laws of Kentucky, with its principal place of business in Russell, Kentucky.  (Anderson Aff., ¶2)  DWI is a wholesaler of various brands of cigarettes in the discounted market tiers.  (Anderson Aff., ¶3)  Plaintiff's Verified

---

[2] Defendants' motion for lack of personal jurisdiction is contingent upon the Court's ruling with respect to Rule 12(b)(6) motions for failure to state a claim under state and federal racketeering statutes advanced by certain other defendants. A separate Memorandum and Order denying Defendants' motions to dismiss pursuant to FED. R. CIV. P. 12(b)(6) is being issued contemporaneously.

[3] There are only 18 Defendants in the case now because Plaintiff voluntarily dismissed its claims against Defendants James Crump and BCW Properties, Inc., d/b/a Holiday Foods, on December 12, 2005.  (Document #155)

[4] In Counts 1 - 9, Plaintiff alleges civil violations of RICO pursuant to 18 U.S.C. §1962(c) / Pattern Of Racketeering Activity. Count 10 alleges violations of 18 U.S.C. §1962(a) / Receipt Of Income From Racketeering Activity.  Count 11 alleges Defendants conspired to violate the federal RICO laws, 18 U.S.C. §1962(d).  Counts 12 - 16 allege violations of North Carolina's RICO statute, N.C. Gen. Stat. §§75D-4(a)(1) - (3) / Participation In Pattern Of Racketeering Activity Through Enterprise, Engaging In Racketeering Activity Or Acquiring Interest In Proceeds From Racketeering Activity, and RICO Conspiracy.  Count 17 alleges unfair and deceptive trade practices pursuant to N.C. Gen. Stat. §75-1.1. Count 18 alleges common law fraud.  Count 19 alleges breach of contract.  Count 20 alleges tortious interference with contractual relations.  Count 21 alleges a civil conspiracy.

Complaint alleges that DWI is a "Fourth-tier Wholesaler," which means that DWI distributes cigarettes not manufactured by the leading three tobacco manufacturers. (RJR's Compl., ¶85) Hobart Anderson, also of Russell, Kentucky, is a principal and manager of DWI. (Anderson Aff., ¶¶2,6)

Although RJR entered into marketing contracts with other cigarette distributors, DWI and RJR never had any contractual or marketing relationship. (RJR's Compl., ¶¶86, 113, 164) According to RJR, DWI was one of several distributors who participated in a fraudulent scheme to purchase discounted (or "bought-down") cigarettes from entities who entered into marketing relationships with RJR in order to become eligible for RJR cigarettes at a reduced price. (RJR's Compl., ¶¶3-9) As an entity not in privity with RJR, DWI was expected to pay full-price for any RJR cigarettes it purchased and was not entitled to purchase RJR cigarettes at the discounted rate. (RJR's Compl., ¶¶3-9) RJR alleges, however, that DWI resold the discounted cigarettes at a price above the discounted purchase price but below the normal retail price, and then pocketed the remaining discount rather than passing the discount on to the consumer as was intended by RJR. (RJR's Compl., ¶¶3-9, 167, 170, 172, 173) RJR specifically alleges DWI purchased and sold RJR bought-down cigarettes in Kentucky, Ohio, Mississippi, and possibly West Virginia, Indiana, and New York. (RJR's Compl., ¶¶164-175)

It is undisputed that DWI and Anderson have no ties to North Carolina in that neither defendant owns or rents any property in North Carolina; transacts any business in North Carolina; has any employees or contractors in North Carolina; or has purchased or sold any RJR cigarettes within North Carolina. (Defs.' Mem. In Supp., at 2-3; RJR's Compl., ¶¶164-175; Anderson Aff.,

¶¶4, 5, 7) Defendants' alleged co-conspirators reside in different states – North Carolina (6 defendants), Virginia (6 defendants), Tennessee (6 defendants). (RJR's Compl., ¶¶17-37)

## II. Standard Of Review & Burden Of Proof

"When personal jurisdiction is properly challenged under Rule 12(b)(2), the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." Carefirst Of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir.2003)(*citing* Mylan Laboratories, Inc. v. Akzo, N.V., 2 F.3d 56, 59-60 (4th Cir.1993)). However, when the Court decides a pretrial personal jurisdiction motion without conducting an evidentiary hearing, the plaintiff is only required to establish a *prima facie* case for the exercise of personal jurisdiction. Id. (*citing* Combs v. Bakker, 886 F.2d 673, 676 (4th Cir.1989)(emphasizing standard of review when personal jurisdiction inquiry is limited to the allegations within the complaint, motions, and legal memoranda)). In determining whether a plaintiff has made the requisite showing, the Court must construe all relevant facts in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction. Combs, 886 F.2d at 676; Carefirst, 334 F.3d at 396 (*citing* Mylan Labs., 2 F.3d at 60).

The standard is essentially the same with respect to Defendants' motion to dismiss for lack of venue pursuant to Rule 12(b)(3). Plaintiff need only make a *prima facie* showing of venue. Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir.2004). Similarly, the Court must view the facts as presented by Plaintiff, and draw all reasonable inferences in Plaintiff's favor. Godfredson v. JBC Legal Group, P.C., 387 F.Supp.2d 543, 547 (E.D.N.C.2005).

### III. Personal Jurisdiction Analysis / Fed. R. Civ.P. 12(b)(2)

The exercise of personal jurisdiction over Defendants DWI and Hobart Anderson is proper pursuant to RICO's nationwide service of process provision. 18 U.S.C. §1965(d).[5]

Rule 4(k)(1) of the Federal Rules of Civil Procedure provides:

> ""Service of a summons . . . is effective to establish [a federal court's] jurisdiction over the person of a defendant" if such service is accomplished on a defendant whom the law has made amenable to the court's process."

ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 622 (4th Cir.1997) (*quoting* Omni Capital Int'l v. Rudolph Wolff & Co., 484 U.S. 97, 103-04 (1987)). Thus, one of the means for authorizing service to effect *in personam* jurisdiction is pursuant to federal statute. Id.; Fed. R. Civ.P. 4(k)(1)(D).

The RICO statute authorizes nationwide service of process. 18 U.S.C. §1965(d). "Where Congress has authorized nationwide service of process by federal courts under specific federal statutes, so long as the assertion of jurisdiction over the defendant is compatible with due process, the service of process is sufficient to establish the jurisdiction of the federal court over the person of the defendant." ESAB Group, 126 F.3d at 626 (applying RICO's nationwide service of process statute)(*quoting* Hogue v. Milodon Eng'g, Inc., 736 F.2d 989, 991 (4th Cir.1984)(bankruptcy); Fed. R. Civ. P. 4(k)(1)(D)).

---

[5] Title 18, United States Code, Section 1965(d) reads:

"All other process in any action or proceeding under this chapter may be served on any person in any judicial district in which such person resides, is found, has an agent, or transacts his affairs."

Defendants DWI and Anderson do not challenge the existence of nationwide service of process under 18 U.S.C. §1965(d).[6] Instead, Defendants contend that due process principles prohibit the exercise of personal jurisdiction. The Court disagrees.

In this case, the exercise of personal jurisdiction comports with due process. The due process constraint on service under Rule 4(k)(1)(D) and Section 1965(d) is based upon the Fifth Amendment rather than the Fourteenth Amendment. ESAB Group, 126 F.3d at 626-27; State of N.C., In re Long v. Alexander & Alexander Servs., Inc., 680 F.Supp. 746, 750-51 (E.D.N.C. 1988)(Fifth Amendment inquiry asks only whether subjecting defendant to suit in the forum would be unduly burdensome). The Fifth Amendment's Due Process Clause limits the extraterritorial scope of *federal* sovereign power whereas the Fourteenth Amendment's Due Process Clause protects *states* in their status as equal sovereigns. ESAB Group, 126 F.3d at 626-67 (*internal citations omitted*); Boon Partners, v. Advanced Fin. Concepts, Inc., 917 F.Supp. 392, 397 (E.D.N.C. 1996)(no need to examine fairness of litigation proceeding with respect to a particular state under Fifth Amendment because encroachment by one state upon sovereignty of another is not at issue). Not unlike the Fourteenth Amendment, the Fifth Amendment's Due Process Clause also protects the liberty interests of individuals against unfair burden and inconvenience. Id. (*citing* Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 942 (11th Cir.1997)). However, when considering burden and inconvenience factors with respect to a national forum, the constitutional minimum contacts test is more easily satisfied. ESAB Group, 126 F.3d at 626-28; In re Celotex Corp., 124

---

[6] While Defendants recognize the Fourth Circuit's holding in Esab, which expressly acknowledged nationwide service of process under §1965(d), Defendants contend that the Fourth Circuit is wrong. Defendants point to the split among the circuit courts with respect to the availability of nationwide service of process under Subsections (d) & (b). (DD's Mem. In Supp., at 5, n. 1)

F.3d 619, 630 (4th Cir.1997) (minimum contacts with the United States); D'Addario v. Geller, 264 F.Supp.2d 367, 386 (E.D.Va.2003)(Fourth Circuit applies national contacts standard when federal law authorizes nationwide service of process). As a result, "it is only in highly unusual cases that inconvenience will rise to a level of constitutional concern." Id. (*quoting* Republic of Panama, 119 F.3d at 947.)

In support of the motion, Defendants engage in an analysis of the contacts between Defendants DWI and Anderson and North Carolina. (DD's Mem. In Supp., at 5-8.) Defendants' analysis is flawed in that Defendants focus on the wrong forum - the State of North Carolina rather than the United States as a whole.[7] DWI is a United States limited liability corporation. Anderson resides in the United States. (Anderson Aff., ¶6) These contacts between DWI and Anderson and the United States are sufficient. Dooley v. United Tech. Corp., 786 F.Supp. 65, 71 (D.D.C. 1992) (residence within the United States sufficient to establish personal jurisdiction under §1965(d)). In this context, Defendants' argument that the exercise of jurisdiction over DWI and Anderson must be "fair" carries little weight. ESAB Group, 126 F.3d at 627; Boon Partners, 917 F.Supp. at 397. Therefore, Defendants' motion to dismiss for lack of personal jurisdiction will be denied.[8]

---

[7] If North Carolina were the proper forum, Defendants' motion would likely succeed based upon the absence of Defendants' purposeful availment of North Carolina's benefits or protections of its laws. Hanson v. Denckla, 357 U.S. 235, 253 (1958). Indeed, RJR does not even allege personal jurisdiction over DWI based on North Carolina's long-arm statute. (Defs.' Mem. In Supp., at 8, n. 5)

[8] The concept of pendent personal jurisdiction provides personal jurisdiction over Plaintiff's state law claims as well. ESAB Group,126 F. 3d at 628.

## IV. Venue

Venue is proper in the Western District of North Carolina pursuant to RICO, 18 U.S.C. §1965(b).[9] Title 18, United States Code, Section 1965(b) provides that when "it is shown that the *ends of justice* require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned . . . " 18 U.S.C. §1965(b) (*emphasis added*); ESAB Group, 126 F.3d at 626 (recognizing Congress' desire that RICO provide for nationwide venue and service of process). "[S]ection 1965(b) endeavors to ensure that at least one forum is available to a plaintiff litigating RICO conspiracy claims." Sadighi v. Daghighfekr, 36 F.Supp.2d 267, 277 (D.S.C. 1999)(*quoting* Magic Toyota, Inc. v. Southeast Toyota Distribs., Inc., 784 F.Supp. 306, 312 (D.S.C. 1992)). However, in order for 1965(b) to apply, at least one other defendant must be before the Court pursuant to 28 U.S.C. §1391(b) or 18 U.S.C. §1965(a). Kaplan v. Reed, 28 F.Supp.2d 1191, 1203 (D.Colo.1998); Medoil Corp. v. Clark, 753 F.Supp. 592, 599 (W.D.N.C.1990).

It is undisputed that venue is proper in the Western District of North Carolina pursuant to 18 U.S.C. §1965(a) with respect to at least four other named Defendants. Defendants Market Basket Foods, Inc., Stephen Hunt, Dave's Distributing, and Dave Ritchie all "reside" or are "found" within the district as contemplated by 18 U.S.C. § 1965(a).[10] (RJR's Compl., ¶¶18, 19, 25, 26)

---

[9] Although multiple bases exist for finding proper venue in the Western District of North Carolina, the Court need not discuss them all. Plaintiff suggests venue is proper under 18 U.S.C. §1965(a) and 28 U.S.C. §1391(b)(2) pursuant to "co-conspirator" and "agency" theories. Because the Fourth Circuit has never expressly adopted or approved of either, the Court declines to rely solely upon these theories. Venue is also proper pursuant to 28 U.S.C. §1391(b)(3).

[10] Title 18, United States Code, Section 1965(a) "authorizes venue for civil actions in any district in which the defendant 'resides, is found, has an agent, or transacts his affairs." ESAB Group, 126 F.3d at 626.

In addition, Plaintiff alleges that the conspiracy is "primarily focused in Western North Carolina." (RJR's Compl., ¶2 ) Accepting Plaintiff's allegation as true, a substantial part of the events giving rise to Plaintiff's claims occurred in the Western District of North Carolina, rendering venue likewise proper under 28 U.S.C. §1391(b)(2). Defendants contend that in order for venue to be proper in North Carolina, "a substantial part of the events or omissions giving rise to the claims" *against DWI* must have occurred in North Carolina. 28 U.S.C. §1391(b)(2). Once again, Defendants misapply the law by ignoring the allegations within the Verified Complaint as a whole. In determining venue, the Court is not limited to viewing the facts as they relate to any single party. Rather, as Plaintiff aptly states, venue is an inquiry that considers the entire action.[11] 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE §3802.1 (2d ed, 2005) (Section 1391(b)(2) venue looks to the locus of the claim). The threshold criteria of establishing proper venue in the district with respect to at least one other defendant is satisfied.

Moreover, the "ends of justice" require the Court to find venue proper in the Western District of North Carolina.[12] This court is already familiar with the legal issues raised in this civil action. The undersigned has considered Plaintiff's motion for injunctive relief (which involved extensive

---

[11] The Court is not convinced that venue is only proper under Section 1391(b)(2) if the agency or co-conspirator theories are relied upon. Although Plaintiff contends that venue pursuant to §1391(b)(2) is appropriate given the "co-conspirator theory," the better analysis under §1391(b)(2) contemplates viewing the allegations within the Verified Complaint *as a whole* (which in this case just happen to allege a regional / multi-state conspiracy) as opposed to solely considering Plaintiffs' allegations with respect to these particular defendants. The venue analysis differs from the personal jurisdiction inquiry in this way. Magic Toyota, 784 F.Supp. at 317 n. 19 (Section 1391(b)(2), as amended, nullifies prior rule by changing focus of venue inquiry from individual contacts to events).

[12] The "ends of justice" inquiry for §1965(b) venue contemplates essentially the same analysis as the due process inquiry for purposes of determining personal jurisdiction under Section 1965(b).

briefing by the parties and required a day-long evidentiary hearing) as well as numerous dispositive motions. In addition, any further delay in these proceedings may be prejudicial to the parties.[13]

Finally, there is not a single, alternative forum where venue is proper with respect to all of the defendants.[14] Sadighi, 36 F.Supp.2d at 277; Magic Toyota, 784 F.Supp. at 321; Kaplan, 28 F.Supp.2d at 1204. The parties reside in four different states. (RJR's Compl., ¶¶17-37) Aside from Defendants DWI and Anderson, none of the alleged co-conspirators / defendants reside, are found, or transact business in Kentucky. Arguably, a substantial part of the events giving rise to the claims occurred in one of these other states, but the same problem arises with respect to Defendant DWI and Anderson. Therefore, it appears little would be gained by testing venue in other forums.

## V. Order

**IT IS HEREBY ORDERED** that Defendants DWI's and Anderson's Motion To Dismiss is **DENIED**.

Signed: August 21, 2006

Richard L. Voorhees
United States District Judge

---

[13] The nature of the motions advanced by Defendants- complex, interrelated legal issues, some of which were contingent upon resolution of one or more dispositive motions - combined with the court's own heavy caseload, have already contributed to the delay in these proceedings.

[14] Plaintiff points to Defendant Dave's Distributing to illustrate this point. (Pl.'s Mem. In Opp'n, at 12-14.) Indeed, under the Court's analysis, venue is proper with respect to Dave's Distributing *only* in North Carolina. 28 U.S.C. §1391(b); 18 U.S.C. §1965(a).